IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| WILBERT RAY HUTSON, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:05-CV-0228 |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION
## TO DISMISS PETITION FOR A WRIT OF HABEAS CORPUS

Petitioner WILBERT RAY HUTSON has filed with this Court a form Petition for a Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. §2254.  Petitioner is presently incarcerated at the Ellis Unit in Huntsville, Texas pursuant to a 2001 conviction for the offense of aggravated assault out of Harris County, Texas, and the resultant 10-year sentence.  For the reasons hereinafter expressed, the Magistrate Judge is of the opinion petitioner's application for federal habeas corpus relief fails to present a cognizable ground for relief and should be DISMISSED.

I.
ALLEGATIONS

Petitioner appears to argue:

1.  He is being denied due process because he was "denied the right to have a hearing before his personal property [a pair of new boots] was taken," was

   not given the opportunity to call witnesses, question the staff, or question witnesses present at the time of the taking, and was never asked to give a statement;

2.  The ruling of the Dalhart Unit is against the evidence because petitioner had papers on his boots and witnesses testified that Unit staff removed the boots from petitioner's housing;

3.  Considering the witness affidavits, petitioner's grievance, and petitioner's affidavit, the facts do not support the Dalhart Unit's finding that petitioner "never had any boots," which was based solely on staff testimony that no boots were removed; and

4.  The Dalhart Unit was not a neutral fact finder and its finding was against the overwhelming weight of the evidence.

Petitioner requests this Court "remand this cause back to the Administration with instruction to reconsider the case along with all the evidence and conduct a thorough investigation."

On August 17, 2005, this Court noted petitioner's claims appear to be civil rights allegations rather than habeas corpus allegations because the only relief sought was an order compelling respondent to reconsider petitioner's grievance and conduct a thorough investigation into the loss of petitioner's boots. Petitioner was directed to advise the Court as to whether he wished to pursue a habeas action or a civil rights action. On September 2, 2005, petitioner advised he wished to pursue a federal habeas corpus action under 28 U.S.C. § 2254 as such a habeas action was the only remedy available to challenge the ruling of an administrative agency's final decision.

II.
MERITS OF ALLEGATIONS

Petitioner challenges the denial of prison grievance number 2005027476 wherein he sought compensation for a new pair of boots, or the amount of $50 credited to his inmate trust

fund account. Petitioner contends the denial of his grievance violates his due process rights and that the unit's ruling was against the great weight of the evidence.

"[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez,* 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); *Cook v. Tex. Dep't of Criminal Justice Transitional Planning Dep't,* 37 F.3d 166, 168 (5th Cir. 1994). "[A] § 1983 challenge is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody." *Preiser,* 411 U.S. at 499. Here, petitioner's allegations challenge an aspect of petitioner's confinement, and petitioner appears to seek injunctive, declaratory, or monetary relief. Petitioner does not challenge the fact or duration of his confinement, nor does he seek a finding by this Court that would entitle him to a speedier release from prison. Petitioner's claims are not cognizable in a federal habeas corpus action. Petitioner's claims should have been presented as a civil rights complaint under 42 U.S.C. §1983. Petitioner, however, has refused to pursue his claims in a civil rights lawsuit, instead maintaining he is seeking relief pursuant to a habeas corpus proceeding. As petitioner's claims are not cognizable in a federal habeas corpus action the petition should be dismissed.

IV.
<u>RECOMMENDATION</u>

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the application for a writ of habeas corpus filed by petitioner WILBERT RAY HUTSON be DISMISSED.

V.
INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this <u>17th</u> day of January 2007.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE


* **NOTICE OF RIGHT TO OBJECT** *

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D). When service is made by mail or electronic means, three (3) days are added after the prescribed period. Fed. R. Civ. P. 6(e). Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).